Barry J. Glickman, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
Attorneys for Defendants
  *Citibank, N.A. and BPP ST Owner LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN NACHSHEN,<br><br>                        Plaintiff,<br><br>- against -<br><br>BPP ST OWNER LLC AND CITIBANK, N.A.,<br><br>                        Defendants. | Case No.: 1:18-cv-10994-KPF<br><br>**ANSWER TO COMPLAINT**<br>**OF CITIBANK, N.A.** |

        Defendant, Citibank N.A., by its attorneys, Zeichner Ellman & Krause LLP, answers the Complaint dated November 26, 2018 (the "Complaint"), upon information and belief as follows:

        1.    It denies each and every allegation contained in paragraphs 1 through 4, 11, 14, 20 through 30, 38 through 44, 46 through 52, 54 through 58, 61, 62, 66 through 69, 71 through 78, 80, 81, and 84 through 94 and refers all questions of law to the Court.

        2.    It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 5, 6, 12, 13, 15 through 19, 31

through 34, 36, 37, 45, 54, 59, 60, 64, 65, 70 and 82 and refers all questions of law to the Court.

3. It denies each and every allegation contained in paragraph 8, except Citibank is a national banking association, organized and existing under the laws of the United States of America.

4. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 9, except at certain times Citibank leased certain premises at 262 First Avenue from BPP.

## FIRST AFFIRMATIVE DEFENSE

5. The complaint, as a whole and each and every purported claim alleged therein, fails to state a claim against Citibank.

## SECOND AFFIRMATIVE DEFENSE

6. The complaint fails to state a claim for violations of the Americans with Disabilities Act against Citibank.

## THIRD AFFIRMATIVE DEFENSE

7. The complaint fails to state a claim for violations of the New York State Executive Law against Citibank.

## FOURTH AFFIRMATIVE DEFENSE

8. The complaint fails to state a claim for violations of the Administrative Code of the City of New York against Citibank.

## FIFTH AFFIRMATIVE DEFENSE

9. The complaint fails to state a claim for violations of the New York State Civil Rights Law against Citibank.

## SIXTH AFFIRMATIVE DEFENSE

10. The complaint fails to state a claim for common law negligence against Citibank.

## SEVENTH AFFIRMATIVE DEFENSE

11. The complaint fails to state a claim for injunctive relief against Citibank

## EIGHTH AFFIRMATIVE DEFENSE

12. The complaint fails to state a claim for declaratory relief against Citibank.

## NINTH AFFIRMATIVE DEFENSE

13. The complaint fails to state a claim for attorney's fees, expenses and costs against Citibank.

## TENTH AFFIRMATIVE DEFENSE

14. The accessibility standard plaintiff seeks to impose exceeds that which is required by law and, thus, violates due process.

## ELEVENTH AFFIRMATIVE DEFENSE

15. The complaint is barred in whole or in part to the extent that defendants provide equivalent or greater accessibility than that which is required by law.

## TWELFTH AFFIRMATIVE DEFENSE

16. Citibank is not obligated to make any alteration sought by plaintiff that would result in a fundamental alteration in the nature of its services, programs, or activities or in undue financial and administrative burdens where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

18. Any changes sought by plaintiff are barred to the extent they are practically difficult, pose an unnecessary hardship and/or so extreme that they are not required and/or are subject to exception.

### FIFTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred because he lacks standing to pursue such claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

20. At all times relevant to this action, Citibank acted honestly and in good faith and in accordance with the reasonable commercial standards of its business to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff has not suffered any damages as a result of any alleged conduct of Citibank.

### NINETEENTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are moot.

### TWENTIETH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are not ripe.

WHEREFORE, Citibank, N.A. demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action.

Dated: New York, New York
February 7, 2019

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Barry J. Glickman, Esq.
Attorneys for Defendants
BPP ST Owner LLC and Citibank, N.A.
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

To: Glen H. Parker, Esq.
PARKER HANSKI LLC
Attorneys for Plaintiff
246 West Broadway
New York, New York 10013

1001460