UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STEVEN NACHSHEN,

            Plaintiff,

   -against-

BPP ST OWNER LLC AND CITIBANK, N.A.,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x



Docket: **1:18-cv-10994 (KPF)(SN)**

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

      IT IS HEREBY STIPULATED AND AGREED by and among counsel for the respective parties in this action as follows:

      Steven Nachshen ("Plaintiff"), BPP ST Owner LLC ("BPP") and Citibank, N.A. ("Citibank" and collectively with Plaintiff and BPP, the "Parties") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this litigation, it is therefore hereby

      ORDERED that any person subject to this Confidentiality Stipulation and Proposed Protective Order ("Order"), including without limitation the Parties to this action, their attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms:

      1.    Any person subject to this Order who receives from any other person any information of any kind — whether in documents, testimony, or any other form — provided in discovery in the course of this litigation ("Discovery Material") that is designated as "Confidential" of "Confidential Attorney' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2. Any Pary may designate as "Confidential" such portion(s) of Discovery Material that contains containing financial, banking or other commercial or personal information, including but not limited to, information that a Party would not disclose to third-parties or that it would cause third-parties to maintain in confidence pursuant to a Confidentiality Order. .

3. Any Party may be required in the future to produce in this action documents or information containing Confidential Attorneys' Eyes Only Discovery Material including those disclosing trade secrets or other confidential business, technical, sales, marketing, financial information, the dissemination of which could compromise bank or customer security or assets or cause substantial competitive harm to Citibank or BPP in the marketplace or which would bring harm and prejudice to Plaintiff.

4. Any Party or non-party may designate, at the time of production, any document, portion of a document, or other discoverable information as "Confidential" or "Confidential Attorneys' Eyes Only." Similarly, any Party or non-party may designate a deposition or any part of a deposition as "Confidential" if it contains, discusses or otherwise discloses Confidential Discovery Material. Similarly, any Party or non-party may designate a deposition or any part of a deposition as "Confidential Attorneys' Eyes Only" if it contains, discusses or otherwise discloses Confidential Attorneys' Eyes Only Discovery Material.

5. If any Party or non-party produces any Confidential Discovery Material or Confidential Attorneys' Eyes Only Discovery Material without the appropriate designation, that Party or non-party may furnish a substitute copy properly designated along with written notice to all Parties that such information is deemed Confidential or Confidential Attorneys' Eyes Only. No penalty shall be imposed upon a receiving Party who has disclosed a document that is subsequently designated by the producing Party as Confidential or Confidential Attorneys' Eyes Only if the disclosure predates such designation.

6. With respect to the Confidential or Confidential Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Party or their counsel may designate such portion as "Confidential" or "Confidential Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential Attorneys' Eyes Only" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential or Confidential Attorneys' Eyes Only either (i) on the record during the deposition or (ii) until seven (7) business days after receipt of the deposition transcript.

7. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all Parties in writing that the Discovery Materials should be treated as Confidential or Confidential Attorneys' Eyes Only under this Order.

8. Any Party receiving Confidential or Confidential Attorneys' Eyes Only Discovery Material shall not use such information for any purpose other than participation in the above-captioned action.

9. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidentialby the producing person to any other person, except:

  i) the Parties;
  ii) in-house counsel and outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such in-house or outside counsel and assigned to this matter;

  iii) any non-party deposition witness called to testify or any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action,

pursuant to paragraph 11 below;

iv) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, pursuant to paragraph 11 below;

v) court reporters/videographers engaged to transcribe depositions conducted in this action;

vi) the Court and its support personnel; and

anyone else whom all Parties agree in writing may be shown Confidential Discovery Material.

10. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential Attorneys' Eyes Only by the producing person to any other person, except:

i) in-house counsel and outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such in-house or outside counsel and assigned to this matter;

ii) any non-party deposition witness called to testify or any witness whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, pursuant to paragraph 12 below;

iii) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, pursuant to paragraph 12 below;

iv) court reporters/videographers engaged to transcribe depositions conducted in this action;

v) the Court and its support personnel; and

vi) such other persons as disclosed and agreed in advance by all Parties to this Order in writing pursuant to paragraph 12 below.

11. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 9.iii. or 9.iv. above, such person shall be provided by counsel with a

copy of this Order and shall consent in writing to be bound by its terms by signing a Non-Disclosure Agreement in the form attached to this Order. Such Party's counsel shall deliver copies of such signed Non-Disclosure Agreement to counsel for the other Parties within five (5) days of the Non-Disclosure Agreement's execution. Counsel shall retain each signed Non-Disclosure Agreement.

      12.    In the event that any Party wishes to show or provide Confidential Attorneys' Eyes Only Discovery Material to a person authorized pursuant to paragraph 10.ii, 10.iii or 10.vi, such Party shall so advise counsel for the Party or non-party that produced such information no later than seven (7) days prior to such disclosure. The Party may disclose such information to a person authorized pursuant to paragraph 10.ii, 10.iii or 10.vi, provided that: (a) such person reads this Order and consents in writing to be bound by its terms by signing a Non-Disclosure Agreement in the form attached to this Order and (b) such Party's counsel deliver copies of such signed Non-Disclosure Agreement to counsel for such other Parties within one day of its execution and before showing the Confidential Attorneys' Eyes Only Discovery Material to a person authorized pursuant to paragraph 10.ii, 10.iii or 10.vi.

      13.    Persons described in paragraphs 9 and 10 bound by this Order may not provide copies of Confidential Discovery Material and/or Confidential Attorneys' Eyes Only Discovery Material to any individual or entity who has not complied with the provisions of paragraph 9 or 10. Said persons may not possess Confidential Discovery Material and/or Confidential Attorneys' Eyes Only Discovery Material in any form after the final resolution of this action and shall destroy or return all such Confidential Discovery Material and/or Confidential Attorneys' Eyes Only Discovery Material to counsel no later than fifteen (15) days after receiving written notice of the final resolution of this action on the merits.

14.     Only the persons in paragraph 9 and 10 may attend depositions where Confidential or Confidential Attorneys' Eyes Only Discovery Material shall be used or discussed. The Parties designated experts shall only attend expert depositions.

15.     All Confidential and/or Confidential Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall bear the appropriate legend described in paragraph 6 on the cover page and shall be filed under seal in the manner provided by the United State District Court for the Southern District of New York, including without limitation the Court's Electronic Case Filing Rules and Instructions.

16.     Irrespective of any designation as Confidential, Confidential Discovery Material does not include information which is (i) in the public domain, (ii) available on a non-confidential basis or, (iii) becomes available on a non-confidential basis from a source other than the persons subject to this Order, provided that such source is not known by the receiving Party to be bound by any duty to the designating Party to keep such information confidential. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party or witness of documents or information obtained lawfully by such Party or witness independently of the discovery proceedings in this litigation, whether or not such documents or information are also obtained through discovery proceedings in this litigation.

17.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the material being challenged by bates stamp number (or otherwise with particularity) and the grounds of the objection.   If the Parties cannot reach a prompt agreement respecting the objection, the challenging Party may seek a ruling from the Court for an order compelling the

lifting of such designation. Until the Court rules on such motion, the information, documents or portions of documents designated Confidential or Confidential Attorneys' Eyes Only shall retain their designated status. If no such motion is filed, the information, documents or portions of documents subject to the challenge shall retain their designation.

18. Nothing contained herein shall limit or be deemed to prejudice or waive the right of any Party or non-party to seek relief at any time from any of the provisions of this Stipulation and Order in general or as applied to any particular document, item of material or piece of information, or to seek greater protections than are afforded by this Stipulation and Order in appropriate circumstances.

19. Inadvertent failure to identify documents or things as Confidential or Confidential Attorneys' Eyes Only Discovery Material pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within 15 days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the designating Party to appropriately mark the information in accordance with this Order. The receiving Party shall have no liability, under this Order or otherwise, for any disclosure of information contained in documents or things not bearing a confidentiality legend occurring before the receiving Party was placed on notice of the designating Party's claims of confidentiality.

20. If a Party receives a subpoena or a request from any person or entity for the production of Confidential or Confidential Attorneys' Eyes Only Discovery Material to the extent permitted by law, the Party or non-party shall notify the Party that produced the designated material in this litigation of the subpoena or request, in writing, within three business days of receipt, to allow the producing Party or non-party the opportunity to object or respond to the request or subpoena.

21. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

23. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

24. This Order shall survive the termination of the litigation. Within thirty (30) days of the final disposition of this action, all Discovery Material designated as "Confidential," or "Confidential Attorneys' Eyes Only," including copies, shall either be returned promptly to the producing person, or destroyed.

Notwithstanding the foregoing, any and all:

i) electronic versions of Discovery Material designated as "Confidential," or "Confidential Attorneys' Eyes Only shall be destroyed by the non-designating/receiving Party; and

Notwithstanding anything else in this Order, the Parties may retain copies of any Confidential or Confidential Attorneys' Eyes Only Discovery Material contained in any work product or court

submissions including declarations or affidavits, exhibits thereto, and memoranda of law. Such persons shall not disclose such information except pursuant to this Stipulation and Order or agreement with the Party producing such Confidential or Confidential Attorneys' Eyes Only Discovery Material.

25. This Order shall not be construed as an admission by any Party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this Stipulation and Order other than the Parties to this action and the Court, and no other person shall acquire any right hereunder.

26. Disclosure of Confidential Discovery Material at trial or in any other proceeding in these actions shall be allowed unless the Court orders otherwise. Disclosure of Confidential Attorneys' Eyes Only Discovery Material at trial or in any other proceeding in these actions shall be made in camera unless the Court orders otherwise. Counsel for the Party that designated information as Confidential or Confidential Attorneys' Eyes' Only shall be provided not less than seven (7) days advance written notice should anyone seek to disclose Confidential or Confidential Attorneys' Eyes Only Discovery Material at trial or in any other proceeding in this action. Counsel for the Party designating the information as Confidential or Confidential Attorneys' Eyes Only shall have the right to be heard by the Court on the issue of such disclosure of the information.

27. Any person bound by this Order shall be liable for the unauthorized dissemination of Confidential or Confidential Attorneys' Eyes Only Discovery Material, for any breach of the terms of this Order, and for the costs and attorneys' fees incurred by the Party that produced the Confidential or Confidential Attorneys' Eyes Discovery Material in connection with the enforcement of the terms of this Order; and further, such persons hereby waive any opposition to

the granting of any injunctive or other relief as is necessary to remedy the breach of this Order.

28. This Confidentiality Stipulation shall be, and is hereby, adopted by the undersigned attorneys, with or without Court signature, as an order of this Court, as though it were submitted to the Court for signature, which shall be effective as of the date hereof.

29. This Confidentiality Stipulation may be signed in courterparts.

Dated: June 12, 2019
New York, New York

**PARKER HANSKI LLC**

By: _____
Glen Parker, Esq.
Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Tel (212) 248-7400
Fax (212) 248-5600
ghp@parkerhanski.com

**ZEICHNER ELLMAN & KRAUSE LLP**

By: _____
Barry J. Glickman, Esq.
Attorneys for the defendants
1211 Avenue of the Americas
New York, New York 10036
Tel. (212) 826-5327
Fax (212) 753-0396
Bglickman@zeklaw.com

Bryan D. Leinbach

```
Application GRANTED.  This confidentiality agreement does not bind
the Court or any of its personnel.  The Court can modify this
stipulation at any time.  The Court will retain jurisdiction over
the terms and conditions of this agreement only for the pendency of
this litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 6(A) of this Court's Individual
Rules of Civil Procedure.
```

Dated:   June 12, 2019
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN NACHSHEN,

        Plaintiff,

    -against-

BPP ST OWNER LLC AND CITIBANK, N.A.

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                              1:18-cv-10994 (KPF)(SN)

                              **NON-DISCLOSURE**
                              **AGREEMENT**

    I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Proposed Protective Order in this action (the "***Order***") and agree to be bound by its terms.  I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

    Dated: _____        _____