UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
STEVEN NACHSHEN,                                                  :
                                                                  :
                                Plaintiff,                        :
                                                                  :      18 Civ. 10994 (JPC)
                -v-                                               :
                                                                  :      OPINION
BPP ST OWNER LLC and CITIBANK, N.A.                               :      AND ORDER
                                                                  :
                                Defendants.                       :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Plaintiff Steven Nachshen, a person with disabilities, brought this suit against Defendants BPP ST Owner LLC and Citibank, N.A. alleging that Defendants' premises, located at 262 First Avenue in Manhattan, is not readily accessible or usable to him. Dkt. 1 ("Complaint"). Plaintiff sought relief pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, and regulations promulgated thereunder; New York State Human Rights Law, N.Y. Exec. Law § 296; New York City Human Rights Law, N.Y.C. Admin. Code § 8-107; and New York State Civil Rights Law, N.Y. Civ. Rights Law § 40. Complaint ¶¶ 35-82.[1] On January 28, 2021, Steven Nachshen passed away. Dkt. 76, Exh. 1.

    On May 10, 2021, the Surrogate's Court of the State of New York for New York County issued Limited Letters of Administration authorizing Louise Nachshen, Steven Nachshen's wife, to administer his estate. Dkt. 76, Exh. 2. Plaintiff, posthumously through his counsel, moved to substitute Louise Nachshen as the plaintiff in this action on June 7, 2021. Dkt. 75. On July 6,

---

[1] Plaintiff also brought a claim for negligence, Complaint ¶¶ 83-89, which Plaintiff voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(A)(1)(ii) on August 21, 2020, Dkt. 39.

2021, Defendants opposed Plaintiff's motion for substitution, Dkt. 81, and filed a letter motion requesting to seal an exhibit attached to Defendants' opposition, Dkt. 79.  For reasons that follow, Plaintiff's motion for substitution is denied and Defendants' motion to seal is denied.

## Discussion

### A.  Motion for Substitution

Rule 25 of the Federal Rules of Civil Procedure addresses substitution of parties.  Under Rule 25(a)(1), the court may order substitution after the death of a party only if (1) the motion is made "within 90 days after service of a statement noting the death," (2) the party sought to be substituted for the decedent is a "proper party," and (3) the claim is not "extinguished."  Fed. R. Civ. P. 25(a)(1).  The motion for substitution may be made by either a successor or a representative of the deceased party.  *Id.*  Once the requirements of Rule 25(a)(1) are met, the Court has discretion as to whether to grant the motion.  *Biatiu v. Specialized Loan Servicing LLC*, No. 19 Civ. 822 (RA), 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019).  Plaintiff contends, and Defendants do not appear to dispute, that Plaintiff's motion for substitution is timely and that Louis Nachshen, Plaintiff's wife, is the proper party sought to be substituted.  The only point of contention between the parties is whether Plaintiff's claims have been extinguished upon his death.  The Court addresses each of these issues in turn.

First, Plaintiff's motion for substitution is timely.  Plaintiff's counsel informed the Court on February 1, 2021 that Plaintiff had passed away two days earlier.  Dkt. 70.  In that letter, Plaintiff's counsel advised the Court that they "are not able to identify a representative of [Plaintiff]'s estate, if any, who may be substituted on his behalf."  *Id.*  The Honorable Mary Kay Vyskocil, to whom this case was previously assigned, ordered Plaintiff to file any motion for substitution by April 30, 2021, Dkt. 71, and later extended that deadline to June 7, 2021, Dkt. 73.

*See Curet v. United States*, No. 14 Civ. 2703 (DRH) (SIL), 2017 WL 5897410, at *2 (E.D.N.Y. Nov. 29, 2017) ("Courts have discretion to extend this 90-day period for good cause pursuant to Fed. R. Civ. P. 6(b)."). Plaintiff met that deadline, filing the motion for substitution on June 7, 2021. Accordingly, Plaintiff's motion for substitution is timely.

Louise Nachshen also is the proper party to be substituted. While the text of Rule 25 does not define "proper party," courts in this Circuit have generally interpreted the "proper party" to be the person "who has the legal right and authority to pursue the claims." *Galeas v. Houslanger & Assocs., PLLC*, No. 19 Civ. 4270 (PKC), 2021 WL 2843214, at *3 (E.D.N.Y. June 21, 2021). This includes "a person lawfully designated by state authority to represent the deceased's estate." *Roe v. City of N.Y.*, No. 00 Civ. 9062 (RWS), 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003) (internal quotation marks omitted). Louise Nachshen, Plaintiff's wife, was issued Limited Letters of Administration by the Surrogate's Court of New York County on May 10, 2021. Dkt. 76, Exh. 2 at 1. The Limited Letters of Administration authorize and empower her, subject to certain limitations and restrictions, "to perform all acts requisite to the proper administration and disposition of the estate/trust of [Plaintiff] in accordance with the laws of New York State," including "the power to prosecute." *Id.* at 2. Thus, Louise Nachshen is a proper party under Rule 25(a)(1). *See Lai Yoong Low v. Tian Yu Inc.*, No. 12 Civ. 7237 (HBP), 2015 WL 1011699, at *4 (S.D.N.Y. Mar. 9, 2015) (concluding that the individual who was granted limited letters of administration was a proper party for substitution under Rule 25).

With respect to the third requirement, however, the Court finds that Plaintiff's federal claim under the ADA has been extinguished. A claim is extinguished under Rule 25 if it does not survive the decedent's death. *Biatiu*, 2019 WL 5448702, at *1. Here, Plaintiff sought declaratory and injunctive relief under Title III of the ADA, the only relief available under that title. *See Krist v.*

3

*Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) ("Title III . . . authorizes private actions only for injunctive relief, not monetary damages."); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("Monetary relief . . . is not available to private individuals under Title III of the ADA."). Courts generally have held that claims for injunctive and declaratory relief, including claims brought under the ADA, are extinguished after a party's death. *See, e.g.*, *Grinblat v. Michell Wolf LLC*, 338 F.R.D. 15, 16 (E.D.N.Y. 2021) (holding that "Rule 25(a) has no application to this situation" because the plaintiff's Title III ADA claim for injunctive relief was extinguished upon the plaintiff's death); *Gershanow v. Cnty. of Rockland*, No. 11 Civ. 8174 (CS), 2014 WL 1099821, at *4 (S.D.N.Y. Mar. 20, 2014) (dismissing the plaintiff's claims for declaratory and injunctive relief under the ADA as moot because the plaintiff "cannot benefit from ADA-compliant sidewalks, curb ramps and bus stops"); *Boddie v. Evans*, No. 08 Civ. 911 (KAM) (LB), 2011 WL 1085159, at *2 (E.D.N.Y. Mar. 21, 2011) ("[T]he plaintiff's claims for injunctive and declaratory relief were extinguished after his death."). Indeed, Plaintiff's counsel acknowledges that Plaintiff's death has mooted his claim. Dkt. 75 at 2 ("It is acknowledged that plaintiff's death has mooted his claim under the Title III of the [ADA]."). Accordingly, Plaintiff's claim under the ADA has been extinguished.[2] And for the same reasons, Plaintiff's ADA claim is dismissed with

---

[2] Plaintiff appears to argue that because Defendants "admitted to performing substantial accessibility remediation during and because of plaintiff's action," this "conferr[ed] upon plaintiff prevailing party status under the catalyst theory of the New York City Human Rights Law." Dkt. 75 at 3. To the extent Plaintiff suggests that he is entitled to recover attorney's fees as a prevailing party under the ADA, the Court declines to award fees regardless of whether Defendants voluntarily agreed to remediate. *See Ma v. Chertoff*, 547 F.3d 342, 344 (2d Cir. 2008) (holding that "a party who has achieved the desired result because his lawsuit brought about a voluntary change in the defendant's conduct, but who failed to secure a judgment on the merits, is not a 'prevailing party' under the Americans with Disabilities Act"). In order to be considered a prevailing party under the ADA, "a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but the change must also be judicially sanctioned." *Id.* (internal quotation marks omitted). Here, there has been no judicially sanctioned remediation by Defendants.

prejudice.

With Plaintiff's ADA claim dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state and city law claims. *See Grinblat v. Speedway LLC*, No. 20 Civ. 1643 (KAM) (CLP), 2021 WL 1146076, at *1 (E.D.N.Y. Mar. 25, 2021) (declining to exercise supplemental jurisdiction over the plaintiff's remaining state and city law claims because the plaintiff's Title III ADA claim was mooted by his death); *Gershanow*, 2014 WL 1099821, at *5 (declining to exercise supplemental jurisdiction over remaining state law claims after disposing of the federal ADA claims, which were mooted by the plaintiff's death, since "traditional values of judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction" (internal quotation marks omitted)).  Therefore, Plaintiff's state and city law claims are dismissed without prejudice to filing in state court.

### B. Motion to Seal

In connection with their opposition to Plaintiff's motion for substitution, Defendants filed a letter motion seeking permission to file under seal an exhibit ("Exhibit 2"), as well as to redact cites to that exhibit in their opposition.  Dkt. 79.  Exhibit 2 consists of excerpts of Plaintiff's deposition transcript that Plaintiff designated as confidential pursuant to the Confidentiality Stipulation and Protective Order entered on June 13, 2019.  Defendants made this sealing request on account of Plaintiff's designations under the Confidentiality Stipulation and Protective Order, although they "disagree that such materials may reasonably be construed as confidential." *Id.*  The Court agrees with Defendants.

Exhibit 2 consists of excerpts of Plaintiff's deposition transcript that concern two categories of information: Plaintiff's medical condition and Plaintiff's financial arrangement with his legal counsel.  Courts regularly seal medical records "because a plaintiff maintains significant

privacy rights to [his] medical information." *Valentini v. Grp. Health Inc.*, No. 20 Civ. 9526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020).  The Court, however, finds that sealing is not warranted for the portions of Exhibit 2 with Plaintiff's testimony regarding his medical conditions because Plaintiff's counsel already disclosed this information on the record during a March 12, 2019 court conference.  *See* Dkt. 15 at 7:25-8:20 (explaining that Plaintiff suffers from spina bifida, which "is a condition that you have at birth," and "that is what confines him to the wheelchair").

The Court also finds that sealing is not warranted for the portions of Exhibit 2 in which Plaintiff testified about his financial arrangement with his attorney.  Plaintiff testified generally regarding when he retains counsel, whether he enters into a formal retainer, and how counsel may be compensated.  The relevant excerpt of Plaintiff's deposition transcript does not disclose any information that affects the privacy interests of innocent third parties or competitively sensitive information regarding counsel's billing practices.  Accordingly, the Court finds that Plaintiff's interest in maintaining information regarding his financial arrangement with his counsel confidential does not outweigh the presumption of public access.  *See Aioi Nissay Dowa Ins. Co. Ltd. v. Prosight Specialty Mgmt. Co., Inc.*, No. 12 Civ. 3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) ("[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access.").

## Conclusion

For the foregoing reasons, the Court denies the motion for substitution and, in light of Plaintiff Steven Nachshen's death, dismisses his ADA claim as moot.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state and city law claims, and therefore dismisses those claims without prejudice.

The Court also denies Defendants' request to file Exhibit 2 under seal.  Defendants shall

file Exhibit 2 and the unredacted memorandum of law in opposition to Plaintiff's motion for substitution within one week of the filing of this Order.

The Clerk of Court is respectfully directed to close the motions pending at Dockets 74 and 79, and close this case.

SO ORDERED.

Dated: October 29, 2021
      New York, New York

                                       JOHN P. CRONAN
                                United States District Judge